

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,038

### US CARNELL PETETAN, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON REHEARING UPON COURT'S OWN MOTION
### FROM CAUSE NO. 2012-2331-C1
### IN THE 19TH DISTRICT COURT
### McLENNAN COUNTY

*Per curiam.*

### **O R D E R**

Appellant was convicted of the capital murder of his wife, Kimberly Petetan. TEX. PENAL CODE § 19.03(a)(2). The jury rejected, in a special issue, Appellant's claim that he is intellectually disabled and so categorically ineligible for the death penalty. And the jury answered the statutory special issues in such a manner that Appellant was sentenced to death. Appeal to this court was automatic. TEX. CODE CRIM. PROC. art. 37.071, § 2(h). We affirmed. *Petetan v. State*, ___ S.W.3d ___, 2017 WL 2839870 (Tex. Crim. App. Mar. 8, 2017).

Among the points of error rejected were three relating to Appellant's claim that he is intellectually disabled. In his tenth claim, Appellant contended that the jury's answer to the intellectual disability special issue was against the great weight and preponderance of the evidence. In his eleventh claim, Appellant contended that he is ineligible for the death penalty due to intellectual disability. And, in his twenty-seventh claim, Appellant contended he was entitled to a pre-trial determination of his intellectual disability. Specifically, Appellant asked this Court, in considering his claims, to rework the substantive standard for addressing claims of intellectual disability.

While this case was pending on rehearing, the United States Supreme Court decided *Moore v. Texas,* 137 S. Ct. 1039 (2017). In *Moore*, the Supreme Court held that this Court's failure to consider current medical standards and reliance on *Briseno* failed to comply with the Eighth Amendment and Supreme Court precedents. The Court vacated the judgment of our Court, and remanded the case for further proceedings not inconsistent with its opinion.

We grant rehearing in this case on our own motion so that the Court may consider Appellant's tenth, eleventh, and twenty-seventh claims in light of *Moore*. We order the parties to file briefs on these three claims in this Court within 60 days of the date of this order. Any extensions of time shall be obtained from this Court.

 IT IS SO ORDERED THIS THE 18th DAY OF OCTOBER, 2017.

Do not publish